(No. 3828— )

RAYMOND BRUCE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1945.*

*Rehearing denied March 14, 1945.*

R. W. HARRIS, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

FISHER, J.

Claimant alleges that while employed as an attendant at the Dixon State Hospital, on June 2, 1943, while in the performance of his duties, he was assaulted by a mentally disturbed patient, causing claimant to suffer numerous scratches and bites about his face, body, right hand and thumb. That as a result of said injuries claimant's right hand and thumb became infected, resulting in the permanent loss of the use of his right hand.

This case consists of Statement of Claim, Departmental Report, Transcript of Evidence, and Statement, Brief and Argument of Claimant and Respondent.

The substantial facts are not denied, and the only question to be determined here is the extent of the injury suffered by the claimant. It is definitely established that claimant has suffered the complete and permanent loss of the use of the thumb on his right hand and that he has suffered considerable impairment to all the fingers of his right hand. Dr. Zoltan Glatter, staff physician at the Dixon State Hospital, testifying as to the injury said, in part:

"Q. How long since you examined Raymond Bruce's hand?
A. I didn't examine the hand for the last several months.
Q. Look at it now and tell me the condition which it is in. The whole hand.
A. He cannot bend the fingers on the hand. There is a marked atrophy of the bone and tissues of the thumb since I have seen

him several months ago. But there is no sign of further infection. He cannot flex the thumb toward the palm.

Q. Will claimant at any time be able to use that thumb?

A. He never will be able to use his thumb much better than right now.

Q. Will the condition of his hand improve by exercise?

A. It may improve to a certain extent, but due to atrophy of the bones, it will take years and years.

Q. In examining his hand, will you describe just how much he can flex these fingers with reference to the palm of his hand?

A. He cannot close entirely the fingers to the palm.

Q. Will you say he can half close his hand?

A. He can close it a little over half way.

Q. Can that hand be used for manual labor?

A. It cannot be used for manual labor.

Q. Can his hand, doctor, be used for office work and in writing or work of that nature.

A. To a certain extent it may be used, but it will be awful slow because he cannot adopt the thumb to the rest of the fingers to hold a pen. * * * He will never be able to do much office work. He can do some."

There is much more testimony as to the condition of the hand, and from all the evidence, it appears that claimant has suffered a complete loss of the use of his thumb and a 50% loss of the use of his first, second, third and fourth fingers. Claimant is, therefore, entitled under the Workmen's Compensation Act, to have and receive from respondent 50% of his salary for 130 weeks.

Claimant's salary at the time of the injury was $15.10 per week. His rate of compensation is, therefore, $7.55 per week, to be increased 10% (Sec. 8, Par. L), or $8.30 per week. 130 weeks at $8.30 per week amounts to the sum of $1,079.00.

An award is therefore entered in favor of claimant, Raymond Bruce, in the sum of $1,079.00, payable as follows:

$697.20, which is accrued and payable forthwith;

$381.80, payable $8.30 per week, commencing January 17, 1945.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."

OPINION ON PETITION FOR REHEARING

FISHER, J.

At the January, 1945, term of this Court an award was made to claimant in the sum of One Thousand Seventy-nine Dollars ($1,079.00) under the Workmen's Compensation Act, for personal injuries sustained by claimant in the performance of his duties as an employee of respondent.

Claimant now seeks a rehearing on his claim, and, in a petition filed February 1, 1945, for such rehearing, states that he did not base his claim for compensation under the Workmen's Compensation Act, but on the basis of "equity and good conscience." To support his contention claimant refers to the case of *Charles Simmons* vs. *State*, 5 C. C. R. 417, *Emily Haslan* vs. *State*, 6 C. C. R. 62, and *Hines* vs. *State*, 5 C. C. R. 61.

Sub-paragraph 6 of Section 6 of the Court of Claims Act gives this Court power "to hear and determine the liability of the State for accidental injuries or death suffered in the course of employment by an employee of the State, such determination to be made in accordance with the rules prescribed in the Act commonly called the Workmen's Compensation Act, the Industrial Commission being hereby relieved of any duties relative thereto." Under this section, the award was made to claimant in accordance with the terms and provisions of the Workmen's Compensation Act.

Claimant contends that his claim should be considered under said Section 6, Paragraph 4, which is "to

hear and determine all claims and demands, legal and equitable, liquidated and unliquidated, ex contractu and ex delicto, which the State as a sovereign commonwealth, should, in equity and good conscience, discharge and pay.''

Sub-paragraph 4 of Section 6 has no application here. It is true that for a short time prior to the year 1933 awards were made under paragraph 4, but in a comprehensive and exhaustive review in the case of *Crabtree vs. State*, 7 C. C. R. 207, it was concluded that sub-section 4 ''merely defines the jurisdiction of the Court and does not create a new liability against the State, nor increase or enlarge any existing liability * * *.'' To this interpretation and conclusion we have consistently adhered.

The petition for rehearing is, therefore, denied.